**State of Vermont**
**Superior Court — Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Conlon CU Permit**                                    **Docket No. 2-1-12 Vtec**
**(Appeal of Planning Commission grant of conditional use approval for two-lot subdivision)**

Title: Motion to Strike Questions 12, 15, 16 and 18.

Response filed on 10/26/12 by Appellants John and Julia Baldwin

 _X_  Granted (in part)                _X_  Denied (in part)              ___ Other

On September 14, 2012, this Court provided John and Julia Baldwin ("Appellants") with additional time to file a revised Statement of Questions, given that the Court had previously dismissed Appellants' Questions 7, 10, 11, and 19 and provided notice that the Court intended to also dismiss Appellants' Questions 12, 15, 16 and 18, if Appellants "fail[ed] to reframe these four Questions or fail to raise cognizable issues in their reframed Question(s)." In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 3 (Vt. Super Ct., Envtl. Div. Aug. 30, 2012).

In response, Appellants did not file a revised Statement of Questions, but rather on October 26, 2012 filed a document that contains the following sub-titles: **Questions 12 & 18 Revised and Merged** and **Questions 15 & 16 Revised and Merged**.

Appellants' revised and merged Questions 12 and 18 appear to challenge the proposed Staniscia/Conlon subdivision and structure's conformance with certain provisions in the Town of Plymouth Zoning Ordinance. While the language Appellants chose to use in their revised and merged Questions 12 and 18 is somewhat confusing, it provides sufficient notice of the basis for Appellants' legal challenge. We therefore order that Appellants' original Questions 12 and 18 are hereby **STRICKEN** and replaced with the revised and merged language Appellants offered for those Questions.

Appellants revised and merged Questions 15 and 16 do not provide any reference to a zoning ordinance provision that is within this Court's jurisdiction to entertain in this appeal. We therefore **STRIKE** Appellant's Questions 15 and 16 and disregard their offered revised and merged language.

The Court Manager shall now set this matter for a pre-trial conference. The parties should prepare to discuss at that conference what remains for this matter to be ready for trial scheduling.

_____            _____February 5, 2013_____
          Thomas S. Durkin, Judge                                        Date

======================================================================

Date copies sent: _____                          Clerk's Initials: _____

Copies sent to:

  Appellants John and Julia Baldwin, pro se
  Martin Nitka, Attorney for Applicants/Appellees Edward Conlon and Debra Staniscia
  Frederick M. Glover, Attorney for Town of Plymouth